UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEVEN DUFFY,

                                        Plaintiff,

   -against-

NICHOLAS CASTIELLO; KELVIN OZUNA; MICHAEL
ALFIERI; BRIAN BENVENUTO; CRAIG SIKORSKI;
JIMMY DONGGILIO; JOHN and JANE DOE 1 through
6 (individually and in their official capacities, the names
John Doe and Jane Doe being fictitious, as the true names
are presently unknown),

                                       Defendants.
------------------------------------------------------------------------X

*FIRST AMENDED COMPLAINT*

Docket No.
   1:15-CV-07684

ECF CASE

      Plaintiff STEVEN DUFFY, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

      1.     This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

      2.     The claim arises from a January 22, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped, detained, and arrested Mr. Duffy without probable cause. Mr. Duffy initially spent approximately 20 hours unlawfully in police custody. The People ultimately declined to prosecute the case against him and Mr. Duffy's case was dismissed and sealed.

1

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff STEVEN DUFFY ("Plaintiff" or "Mr. Duffy") resided at all times in Queens County, in the City and State of New York.

8. Defendant Nicholas Castiello, Shield No. 22523 ("Castiello") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Castiello was, at the time relevant

herein, a police officer under Shield # 22523 in the 6th Precinct. Defendant Castiello is sued in his individual capacity.

9. Defendant Kelvin Ozuna, Shield No. (*UNKNOWN*) ("Ozuna") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ozuna was, at the time relevant herein, a police officer under Shield # (*UNKNOWN*) in the 6th Precinct. Defendant Ozuna is sued in his individual capacity.

10. Defendant Michael Alfieri, Shield No. (*UNKNOWN*) ("Alfieri") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Alfieri was, at the time relevant herein, a sergeant under Shield # (*UNKNOWN*) in the 6th Precinct. Defendant Alfieri is sued in his individual capacity.

11. Defendant Brian Benvenuto, Shield No. (*UNKNOWN*) ("Benvenuto") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Benvenuto was, at the time relevant herein, a police officer under Shield # (*UNKNOWN*) in the 6th Precinct. Defendant Benvenuto is sued in his individual capacity.

12. Defendant Craig Sikorski, Shield No. (*UNKNOWN*) ("Sikorski") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Sikorski was, at the time relevant

herein, a police officer under Shield # (*UNKNOWN*) in the 6th Precinct.  Defendant Sikorski is sued in his individual capacity.

13. Defendant Jimmy Donggilio, Shield No. # (*UNKNOWN*) ("Donggilio") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Sikorski was, at the time relevant herein, a sergeant under Shield # (*UNKNOWN*) in the 6th Precinct.  Defendant Sikorski is sued in his individual capacity.

14. At all times relevant Defendants John and Jane Doe 1 through 6 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD.  Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 6.

15. At all times relevant herein, Defendants John and Jane Doe 1 through 6 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 6 are sued in their individual and official capacities.

16. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On January 22, 2015, at approximately 1:30 a.m., Mr. Duffy was inside of 40 West 8th Street, New York, NY.

13. 40 West 8th Street, New York, NY is the location of a social club known as Mach 8.

14. At the time, Mr. Duffy was at the location with friends, colleagues, and associates whom he had invited to the venue.

15. While lawfully inside of the location Mr. Duffy was not committing any crime or violating any law or local ordinance.

16. While Mr. Duffy, his guests, and other individuals were in the location, Defendants entered without a warrant.

17. In response to Defendants' inquiry, Mr. Duffy identified himself as a promoter of that evening's event.

18. The Defendants, including Defendant Castiello, unlawfully stopped and detained Mr. Duffy while he was inside the venue.

19. The Defendants did not observe Mr. Duffy committing any crime or violating any law or local ordinance.

20. Mr. Duffy was ordered to stand against a wall and he complied.

21. Defendants acting in concert, including Defendant Castiello, searched Plaintiff's person without his authority or permission.

22. As a result of the search, Mr. Duffy's personal effects were exposed to public view.

23. No contraband or anything of illegality was found on Mr. Duffy.

24. Mr. Duffy was told to turn around and put his hand behind his back.

25. Mr. Duffy complied with Unidentified Defendants orders, turned around, and put his hands behind his back.

26. Unidentified Defendants placed Mr. Duffy in handcuffs.

27. Unidentified Defendants and Defendant Castiello, acting in concert, unlawfully handcuffed Mr. Duffy in an excessively tight manner, causing pain and marks to his wrists.

28. Mr. Duffy did not resist arrest.

29. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Duffy.

30. An unidentified Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Duffy.

31. The police officers paraded many attendees past Mr. Duffy while he was handcuffed.

32. Mr. Duffy was then taken through the front entrance and past attendees while in handcuffs.

33. As he was being taken from the facility Mr. Duffy was yelled and cursed at by Unidentified Defendants.

34. Mr. Duffy was then taken outside, without a coat, on a cold January night.

35. An unidentified Defendant and Defendant Castiello then placed Mr. Duffy into an NYPD vehicle and drove to the 6th Precinct. Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 6th Precinct.

36. Defendants intentionally drove to the 6th Precinct in an unnecessarily aggressive manner.

37. Because Plaintiff was handcuffed and unable to brace himself, Defendants intentional aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

38. At the 6th precinct, Mr. Duffy was deprived of food and drink and was forced to wait in a cold prison cell.

39. Mr. Duffy was unlawfully held in police custody for approximately 20 hours before the People declined to prosecute Mr. Duffy.

40. Defendants, including Defendant Castiello, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Duffy's arrest.

41. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Duffy without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Duffy without probable cause.

42. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Duffy and violate his civil rights.

43.     As a direct and proximate result of the acts of Defendants, Mr. Duffy suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

44.     As a direct and proximate result of the acts of Defendants, Mr. Duffy sought and continues to seek psychological counseling on a regular basis.

45.     As a direct and proximate result of the acts of Defendants, Mr. Duffy no longer is able to promote for social engagements.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

47.     The above paragraphs are here incorporated by reference as though fully set forth.

48.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

49.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

50.     The above paragraphs are here incorporated by reference as though fully set forth.

51. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

52. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

53. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

54. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Duffy possessed a controlled substance, sold marihuana, and possessed marihuana.

59. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

60. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

66. The above paragraphs are here incorporated by reference as though fully set forth.

67. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

68. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

69. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: March 21, 2016
      New York, New York

                                          **JOHN PAUL DEVERNA**
                                          Counsel for the Plaintiff

                                          _____

By: John Paul DeVerna (JD5237)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)